Fremont-Smith, J.
The plaintiff has appealed the approval of two special permits by the Planning Board for the Town of Chelmsford, whereby Mascester Co., Inc. and United Parcel Service (“UPS”) were permitted to increase the area of the parking lot on an eighty-three-acre parcel of land, where UPS operates a major tractor terminal. UPS’s single-story building houses eight hundred separate conveyer belts for the transportation of UPS’s packages throughout the building to and from tractor trailer loading bays at the facility. At present, the facility employs about 1700 people working four shifts, resulting in over 800 cars being parked, although there are only 667 available parking spaces.
On October 17, 1994, the Town of Chelmsford Planning Board voted unanimously to approve the applications for special permits to permit the parking lot expansion. The plaintiff subsequently appealed to this Court thereby staying the issuance of a building permit for the construction. On December 7, 1994, this Court, after hearing, denied defendants’ Motion to Dismiss, on the grounds that plaintiffs complaint alleged a cause of action for which relief could be granted, but scheduled a hearing on the motion for summary judgment, for December 7, 1994, on the issue of whether plaintiff is an “aggrieved party” who has standing to appeal.
*111 For the reasons stated below, defendants’ Motion for Summary Judgment is allowed.
Summaiy judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summaiy judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summaiy judgment.” Pederson v. Time, Inc., 404 Mass, at 17.
Here, it is undisputed that the plaintiff owns two residential lots which abut the defendants’ facility. Defendants do not controvert the affidavit of plaintiffs expert, Figwer, that the noise currently generated by vehicular traffic at the facility exceeds the sound level permitted by the Town’s by-laws, if measured at the lot line of his adjacent property. Although Figwer’s unrebutted affidavit establishes, for purposes of this motion, that the facility currently exceeds permissible sound levels, his affidavit is significantly silent on the question whether or not the proposed change (expansion of the parking lot) can be expected to significantly increase such sound levels in the area of plaintiffs properties. Although defendants concede that the purpose of the proposed use is to increase available parking for excess trailers and automobiles, the affidavit of Robert J. Burns, (filed by defendants), asserts that the proposed parking area does not abut plaintiffs properties but is some distance away, as shown on an attached map, and asserts (in paragraph 11 of his affidavit), that “the special permits we sought would not have the effect of increasing traffic volume on the UPS road or at the facility. Rather, the proposed fourth parking lot is a response to the currently existing heavy traffic flow which will increase as it has in the past years, as Christmas approaches. The purpose of the fourth parking lot is to alleviate the potential congestion and delays which we presently experience and will continue to experience in and around the facility.”
In Watros v. Greater Lynn Mental Health and Retardation Assn., Inc.,_App. Ct._(decided 11/22/94), the Court points out that, although abutters and abutters to abutters enjoy a presumption of aggrieved person status, the presumption is rebuttable, and that, once a defendant challenges a plaintiffs standing and offers evidence to support the challenge, the plaintiff then has the burden of proof on the issue of standing. The plaintiff, moreover, may not rely on generalized allegations of legitimate zoning-related concerns (such as possible increased vehicular traffic, parking problems, or potential for litter) but must rather “provide specific evidence demonstrating reasonable likelihood that the granting of a special permit will result if not in a diminution in the value of his property at least in his property or legal rights being more adversely affected by the activity authorized by the permit than (a) they are by present use activities or (b) they would be as the result of the uses and activities permitted as of right on the defendant’s locus. Otherwise a would-be plaintiff lacks the requisite standing and cannot maintain an appeal under G.L.c. 40 A, §17 even if his property abuts or is very near the property subject to the permit.” The Court reversed the Superior Court’s denial of summary judgment because the plaintiffs had submitted no affidavits to establish the requisite adversity of impact to their particular rights, and plaintiffs had pointed to nothing in the record “which even suggests let alone established that the permitted project will diminish or adversely affect their property or legal rights, or that any effect on them would be more adverse than it would be as a result of continuation of the present use of the (defendant’s) property or as a result of additional uses and activities permitted as of right.” Similarly here, although plaintiff has established that the present use of the UPS facility does exceed permissible sound levels, there is nothing in the affidavits before the Court which raises a triable issue as to whether the permitted project will have any effect on them which will be more adverse than the present use of UPS’s facility. The conclusionary allegations in plaintiffs brief and memorandum notwithstanding, the sworn allegations of Burns’s affidavit to the contrary are uncontroverted by any sworn testimony of the plaintiff, so that a triable issue of standing has not been raised.
Accordingly, defendant Motion for Summary Judgment is ALLOWED and the complaint is dismissed.